## Metropolitan Life Insurance Company v. Clayton's Admx.

(Decided March 6, 1912.)

### Appeal from McCracken Circuit Court.

1. Life Insurance Policies.—Where a life insurance company had in its hands more than enough money belonging to the insured to pay the premium upon the policy of the insured, due at the time of his death, it was the company's duty to apply said money to the payment of the premium, and its failure to do so cannot avoid the policy.

2. Burden of Proof.—Where an insurance company has in its hands more than enough money belonging to the insured to pay the premium upon the policy held by the insured, and it applied the money so held to the payment of premiums upon policies held by other persons, the burden was upon the company to show that the insured authorized the payment of the premiums upon policies other than that of the insured.

WHEELER & HUGHES for appellant.

THOMAS N. HAZELIP for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Sam Clayton, the deceased, had two life insurance policies in the Sun Life Insurance Company, and when the business of that company was taken over by the appellant, Clayton surrendered his policies in the Sun Life Insurance Company and received a new policy in the appellant company, dated July 20, 1909, for $500. There was an agreed cash surrender value of $54.92 upon the two policies in the Sun Life Insurance Company, and that sum was retained and credited to Clayton's account by the appellant. The annual premium upon the new policy was $24.21, and that sum was charged against Clayton's account on July 20, 1909, in payment of the first premium, leaving $30.71 balance to Clayton's credit. Before the second premium became due, and by agreement, the premium was changed from an annual payment to quarterly payments. The first quarterly payment of $6.15 under the new arrangement, due on July 20, 1910, was paid August 17, 1910, and was received by the company without question. This payment carried the policy to October 20, 1910, and left $24.56 still standing to Clayton's credit upon the books of the appellant company.

Clayton died on January 28, 1911, and the company refused to pay the amount called for by the policy, upon the ground that Clayton's policy had lapsed on October 20, 1910, for his failure to pay the second quarterly premium due on that date. As an excuse for not applying $12.30 of the balance of $24.56 still due Clayton, in payment of the second and third quarterly premiums, which would have carried the policy to April 20, 1911, the company answered, that under the direction of Sam Clayton, it had applied the balance of $24.56 to the payment of premiums upon policies of insurance then carried in appellant company by Edith Tyler and Maggie Clayton, the mother and wife of Sam Clayton. The appellee denied that any such payments were made upon said two policies at Sam Clayton's direction, and insisted that appellant agreed to apply all of said cash surrender value in payment of premiums upon Clayton's policy, as they became due.

The case was tried by a jury, which found for Clayton's administratrix for the amount called for by the policy; and, upon this appeal by the company, counsel for appellant and appellee agree that the only issue presented by the pleadings, and tried, was, Did Sam Clayton

direct appellant to apply the $24.56, balance to his credit on the books of the appellant company, in payment of premiums due on the policies of Edith Tyler and Maggie Clayton? That issue was properly presented to the jury, and there is no question made as to the correctness of the instruction.

Appellant insists, however, that the burden of proof was upon the appellee to show that appellant had agreed to apply the $54.92 cash surrender value of the two Sun Life policies in its hands, and belonging to Clayton, to the payment of premiums upon Clayton's policy, and that appellee has failed to show that fact; while, on the other hand, appellee insists that said $54.92, being in the hands of appellant to the credit of Clayton, the burden was upon appellant to show that Clayton authorized the diversion of his money to the payment of the Edith Tyler and Maggie Clayton policies, and that it failed to sustain that burden.

Clearly, the burden was upon appellant to show that Sam Clayton authorized the diversion of his money to the payment of premiums on the Edith Tyler and Maggie Clayton policies; and that question having been decided against appellant by the jury under a proper instruction, there is no error in the record.

Judgment affirmed.